```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
UNITED STATES OF AMERICA
                                  :
     v.                           :  Criminal No. DKC 85-0547-001
                                     Civil Action No. DKC 16-2604
                                  :
MAURICE CORTEZ PROCTOR
                                  :
```

**MEMORANDUM OPINION**

On September 26, 1986, Mr. Proctor was convicted of (I) conspiracy to violate civil rights in violation of 18 U.S.C. § 241 (1982), (II) witness tampering in violation of 18 U.S.C. § 1512(a)(2) and (3)(1982), (III) retaliating against a witness in violation of 18 U.S.C. § 1513(b)(1982), and (IV) using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1982).  On November 13, 1986, he was sentenced to a term of life imprisonment on Count One, a consecutive term of 10 years imprisonment on Count Two, another consecutive sentence of 10 years imprisonment on Count Three, and another consecutive term of 5 years imprisonment on Count Four, for a total of life imprisonment plus twenty-five years.

On July 15, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  That Motion raised the issue of whether, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), his conviction for violating 18

U.S.C. § 924(c) is invalid. (ECF No. 245).[1]  *Johnson* invalidated the residual clause of the Armed Career Criminal Act.  Mr. Proctor asserts that the decision also affects the § 924(c) definition of crime of violence and that two of the alleged predicate crimes of violence no longer qualify under the force clause.  Along with all similar cases, the Motion was held in abeyance pursuant to Standing Order 2016-03.[2]  That Order was entered because the application of *Johnson* was, and remains, unclear in a variety of circumstances.  Instead of the trial court resolving such cases, resulting in multiple appeals, the court, in consultation with the Federal Public Defender and the United States Attorney, determined to use a more orderly procedure to resolve the dozens, if not hundreds, of such motions, based on the categories of situations in which the issue arose.  The uncertainties included determining the applicability of the decision to other statutes and the guidelines, to define which predicate offenses were, and were not, crimes of violence, and, as also pertinent to this case, whether, when a conviction is predicated on multiple possible crimes of violence and one or more of them no longer qualifies, the § 924(c)

---

[1] The Fourth Circuit granted authorization to file a second or successive motion.  (ECF No. 244).

[2] Although this case is not on the initial list of stayed cases, having been filed just before the Order was finalized, it was subject to the stay.  Moreover, the stay was continued for some cases even after the cases motivating the initial order were resolved because of additional anticipated appellate decisions.

2

conviction invalid. Eventually, the Public Defender entered an appearance and filed a request to supplement the § 2255 motion under *United States v. Davis*, __ U.S.__, 139 S. Ct. 2319 (2019)(conspiracy not a crime of violence). Simultaneously, counsel filed a request to hold the motion in abeyance pending resolution of another case pending in the Fourth Circuit.

In Mr. Proctor's case, the § 924(c) count alleged conspiracy to commit a civil rights violation, witness tampering, and witness retaliation as the predicate offenses. The supplemental motion argues that conspiracy charged in count one does not constitute a proper predicate crime of violence. As noted above, Mr. Proctor was also convicted of all three predicate offenses, and the jury did not designate the predicate offense or offenses on which it relied. Mr. Proctor contends that, inasmuch as there is an ambiguity in which predicate or predicates on which the jury verdict rests, the conviction must be vacated. A case is currently pending in the Fourth Circuit that raises a similar, albeit not identical, issue. In *United States v. Justin Eugene Taylor*, Case No. 19-7616, the Court of Appeals granted a certificate of appealability on the following issues: (1) whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid; and (2) whether attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) (2018), categorically qualifies as a predicate crime of violence

3

for purposes of § 924(c).  Now, through counsel, Mr. Proctor also claims that both of the other two alleged predicate offenses, witness retaliation and witness tampering, fail to qualify as crimes of violence.

Mr. Proctor objects to the continued stay and seeks to discharge the Public Defender.  He was earlier advised that, under the circumstances, CJA counsel would not be appointed in place of the Public Defender.  A simple disagreement on strategy is an insufficient reason to replace counsel, particularly where counsel is managing a large number of similar cases effectively and efficiently.  The Public Defender will, however, be relieved of any further duty to represent Mr. Proctor, who is now proceeding *pro se*.

The court does conclude, however, that it may be prudent to continue the stay.  While the conspiracy likely no longer qualifies as a crime of violence, it is far from clear that the other convictions do not, and the decision of the Fourth Circuit in *Taylor* may clarify the proper analysis.  While the motion to stay was filed on behalf of Mr. Proctor, the Government had no objection and, indeed, many such joint motions have been granted in this district.  Accordingly, the Government will be given an opportunity to weigh in on the matter, either filing an affirmative motion to stay or stating that it has no objection to lifting the stay.  In

4

the latter case, the Government will be directed to file a response to the motion to vacate.  A separate order will be entered.

                                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge